## Skora et al. v. Miller.

[No. 3,086.   Filed May 8, 1900.]

PAWNBROKERS.—*Pawning Loaned Property.—Owner's Right to Possession.*—Where the owner of personal property loaned the same to a third person, who pawned it without the owner's knowledge or consent, the owner is entitled to possession of the property without first paying or tendering to such pawnbroker the money so advanced.

From the Vanderburgh Superior Court. *Affirmed.*

*J. W. Spencer* and *J. R. Brill,* for appellants.
*William Reister,* for appellee.

HENLEY, J.—This was an action in replevin commenced by appellee to recover the possession of one Lyon & Healey C cornet, of the alleged value of $8. The trial resulted in a verdict and judgment in favor of appellee. The only question presented to this court arises upon appellants' motion for a new trial, which the lower court overruled. The

sufficiency of the evidence is the one question discussed. The only witnesses who testified were appellee, August Miller, and Philip Skora, one of the appellants. The evidence is not, in its material parts, conflicting. Appellee testified that he was the owner of the cornet horn in controversy. That he loaned it to a man named Kenna, who had been employed by appellee to fill a vacancy in the Independence Band for one afternoon's engagement at Howell, a suburb of the city of Evansville. This was on the 30th of May, 1896. The members of the band, including appellee, returned from Howell on a street-car, and, as was the custom, repaired to their band room, when it was discovered that Kenna was not present. Appellee and a number of the members of the band immediately instituted a search for Kenna, but failed to find him. Appellee also went to all the pawn-shops in the city of Evansville, but failed to find his horn. In August, 1897, appellee discovered the horn that he had loaned to Kenna in appellants' show window, and went into appellants' place of business, informed them that the horn was his, and demanded possession of it. Appellants refused to deliver the horn to appellee until he proved ownership and paid the charges against it, amounting to $3, that being the amount appellants had advanced upon the horn to the person offering it as a pledge. Philip Skora, one of the appellants, testified: That the horn in controversy came into their possession on the 6th day of July, 1896. That they advanced $3 on it. That they are regularly licensed pawnbrokers. That appellee came into their place of business in August, 1897, and asked to see the horn. That it was shown to him. He said it belonged to him. Appellant informed him that, if he would identify the property, and pay the money advanced upon it, he could have it. Appellant informed appellee that, if the horn had been stolen from him, he would give it back to him. Appellee replied, in substance, that loaning was about the same as stealing. The horn was not placed on exhibition until one year after it was taken in. At the time

the horn was pawned, a record was made of it, and the record furnished the police court of the city of Evansville. These records are made once each week, in compliance with the city ordinance. No inquiry was made about the property until appellee came in to look at it in August, 1897.

It will be seen that the ownership of the property is not in dispute. The question to be determined, under the evidence, is, can appellee recover the possession of his property, without first paying or tendering to appellants the money advanced by them to the man Kenna. There is no evidence that appellee, by any act of his, induced appellants to advance the money to Kenna. There is no showing of conspiracy or collusion. Appellee is the owner of the property, and neither his title nor right of possession has been affected by any act or representation upon his part. Mere possession is never conclusive evidence of ownership. This is illustrated by every conditional sale and contract of bailment.

In the case of *Reissner* v. *Oxley*, 80 Ind. 580, Woods, J., speaking for the court, said: "It is argued that the tendency of the contract, if construed or treated as establishing a bailment, was to confer upon Everett & Homan an appearance of ownership, and so to give them an undue credit. But the argument is manifestly fallacious. It would strike down all contracts of bailment, agency, conditional sale, hiring and the like, whereby the property of one is put in the possession and control of another. Possession is one of the *indicia* of property, but no dealer can act upon it as conclusive. If he buys or contracts with reference to personal property, he must, at his peril, inquire into the real ownership, or at least into the right of disposition. Any other rule would be impracticable, and make business, except on the most limited scale, impossible."

Upon the evidence, this case is free from doubt. Appellee was entitled to the possession of his property without the payment of the charges placed against it. There is no error. Judgment affirmed.